UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIRLASIE CURRY,<br>Petitioner,<br>v.<br>JOHN MARSHALL, Warden,<br>Respondent. | NO. CV 10-2474-GW (AGR)<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file *de novo*, including the First Amended Petition ("Petition"), the Magistrate Judge's Report and Recommendation ("R&R"), Petitioner's Objections to the R&R filed on February 16, 2011, and the records and files. Based upon the Court's *de novo* review, the Court agrees with the recommendation of the Magistrate Judge. Petitioner's objections are overruled.

The following is not in dispute. The AEDPA limitations period began to run on June 17, 2008, when Petitioner's conviction became final. (R&R at 3.) Absent tolling, it expired one year later on June 17, 2009. (*Id.*) At the earliest, Petitioner constructively filed his initial federal petition on April 1, 2010, 288 days after the expiration of the limitations period. (*Id.*) Petitioner is not entitled to statutory

tolling. (*Id.* at 3-4 & n.4.) Thus, the Petition is timely only if he is entitled to over nine months of equitable tolling.

In his opposition to the motion to dismiss, Petitioner argued, without evidentiary support, that he was entitled to equitable tolling based on his "mental illness." (Dkt. No. 18 at 3.) The Magistrate Judge correctly found that Petitioner's unsworn statement, coupled with no medical records, was insufficient to satisfy his burden. (R&R at 6 (citing to *Laws v. Lemarque*, 351 F. 3d 919, 924 (9th Cir. 2003) & n.2.) Although the R&R recommended dismissal of the Petition, it contemplated that Petitioner could "submit[] a sworn declaration or verified pleading indicating he had a severe mental impairment during the filing period that would entitle him to further factual development." (R&R at 6.)

In his objections, Petitioner did not submit a sworn declaration. Instead, another inmate submitted his own declaration stating that he "became aware that inmate Curry's mental acuity is serious impaired and that he needs the administration of prescription psychothropic [sic] medication to function on an every day living basis." (Objections, Peterman Decl. ¶ 5.[1]) Petitioner also submitted "mental health records" he obtained from the prison, although he claims they are not complete. (Objections, Attached.) The Court exercises its discretion to consider the newly submitted medical records. *United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000) ("[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation."); *see also Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 n.4 (9th Cir. 2005).

The relevant time period for the purpose of equitable tolling is from June 17, 2008 (when the limitations period began to run) to April 1, 2010 (when Petitioner constructively filed his habeas petition here). The earliest record

---

[1] Peterman's assertion is rejected as lacking foundation and improper expert opinion.

2

submitted by Petitioner is dated December 9, 2009, meaning he submitted records for the last few months of the relevant period. During the earlier part of the relevant period, Petitioner, acting *pro se*, filed three state habeas petitions, one on December 26, 2008, another on July 6, 2009, and a third on August 26, 2009. (Lodged Documents I, L, N.)

On December 9, 2009, Petitioner reported "no mental health concerns." (Objections at 23.[2]) On December 16, 2009, objectively, Petitioner's speech was "organized - informative," his flow of ideas "appropriate," and his cognitive function was "adequate." (*Id.* at 22.) On January 13, 2010, subjectively, Petitioner had a "big smile" and was receiving his medications. (*Id.* at 20.) Objectively, Petitioner was "alert," his speech was "organized," his flow of ideas was "good," and his cognitive function was "good." (*Id.*) On March 3, 2010, Petitioner had a mood/affect within normal limits; Petitioner stated, "I'm okay." (*Id.* at 18.) His speech was rated as within normal limits, he had no perceptual disturbance, and his thought process/cognition was within normal limits with no indication of psychosis. (*Id.*) With respect to medication issues, Petitioner was rated as "helpful." (*Id.*) The remainder of Petitioner's submitted medical records post-date the relevant time period and are therefore irrelevant.

The medical records do not satisfy the two-part test articulated in *Bills v. Clark*, 628 F.3d 1092, 1099-1100 (9th Cir. 2010), to establish eligibility for equitable tolling based on a mental impairment. With respect to the first part of the test, Petitioner has not shown his impairment was "so severe" he could not "rationally or factually . . . understand the need to timely file" or that his "mental state rendered him unable personally to prepare a habeas petition and effectuate its filing." *Id.* With respect to the second part of the test, Petitioner has not shown diligence in pursuit of his claims "but that the mental impairment made it

---

[2] The Court cites to the page number in the header of the electronic docket.

3

impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance." *Id.* at 1100. If anything, the records show that Petitioner was part of the prison's mental health program, was receiving ongoing treatment and medications, and was doing reasonably well.

Petitioner's requests for expansion of the record or an evidentiary hearing are denied. (Objections at 6); *see Bills*, 628 F.3d at 1100 ("the district court must . . . find the petitioner has made a non-frivolous showing that he had a severe mental impairment during the filing period that would entitle him to an evidentiary hearing").

IT IS ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: May 13, 2011

_____
GEORGE H. WU
United States District Judge